Affirmed and Opinion filed February 13, 2003









Affirmed
and Opinion filed February 13, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00283-CR

____________

 

JONATHAN RAY ZAMUDIO,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 180th District Court

Harris County, Texas

Trial
Court Cause No. 880,225

 



 

M
E M O R A N D U M   O P I N I O N

Appellant,
Jonathan Ray Zamudio, was charged by indictment with
possession of  a controlled substance
with intent to deliver.  He entered a
plea of guilty, and after a presentence investigation
hearing (APSI hearing@), the trial court assessed punishment at seven years=
imprisonment.  For the first time on
appeal, appellant contends the State violated his Sixth Amendment right to
counsel.  We affirm. 








At
the plea hearing, the trial court properly admonished appellant regarding the
effect of his plea.  When entering his
plea, appellant also waived jury determination of punishment, and requested
that a presentence investigation report (APSI
report@)
be prepared.  The trial court found
evidence of guilt sufficient beyond a reasonable doubt, but withheld a finding
of guilt.  The trial court also granted
appellant=s request for a PSI report, and cautioned appellant to apprise
the investigating officer of any evidence he wanted included in the report.

According
to appellant, subsequent to his plea but before the PSI hearing, the trial
court compelled appellant to give a statement regarding the underlying offense
to a probation officer without his counsel present.  Because a State agent interviewed him at a Acritical
stage@
of the adversarial proceeding without his counsel present and thereafter
appellant=s statement was used in assessing punishment, appellant argues
the trial court violated his Sixth Amendment right to counsel.[1]

Appellant,
however, has failed to provide us with a record substantiating these
allegations or demonstrating that he ever objected to the court=s
consideration of the presentence investigation
report.  See Tex. R. App. P. 33.1(a) (requiring specific objection and
ruling by the trial court as prerequisite to presenting complaint for appellate
review).  Having presented no issue for
our review, appellant=s sole point of error is overruled.  

The
judgment of the trial court is affirmed. 


 

 

 

/s/        J.
Harvey Hudson

Justice

 

 

 

Judgment rendered and Memorandum Opinion
filed February 13, 2003.

Panel consists of Chief Justice Brister
and Justices Yates and Hudson.

Do Not Publish C
Tex. R. App. P. 47.2(b).











[1]  Appellant
alleges the interview occurred at a Acritical
stage@ in the proceeding because he failed to receive
probation nor the minimum punishment.